## Peoples Savings Bank v. Overstreet et al.

September 27, 1949.

T. W. Crawford for appellant.

Holland G. Bryan and Roy G. Garrison for appellees.

JUDGE HELM—Affirming.

Appellant sued appellees on a note for $1,000. On a trial, the jury found for appellees. From the judgment entered on that verdict, appellant prosecutes this appeal.

On August 6, 1946, appellee, Elgie Overstreet, executed and delivered to Millard Terry a check as follows:

"No. ————

Paducah, Ky., Oct. 6, 1946

"Pay To The Order Of.....MillardTerry.....$1000.00 One Thousand &....00/100 Dollars   For Payment in full Bldg. & Fixtures 728 So. 3rd.   To The Peoples National Bank

Paducah, Ky.

"(S)   Elgie Overstreet"

On the same day she and Monterey Overstreet executed and delivered to Millard Terry a note on a printed form as follows:

"Aug. 6, 1946

"60 days after date, for value received, I or either of us, promise to pay to the order of Millard Terry One Thousand..........Dollars

With a reasonable fee if services of attorney are necessary to collect this note.

Check on Elgie Overstreet for the sum of $1000.00 to be surrendered 60 days from date.

And all parties hereto waive protest, notice of protest, demand and notice of non-payment of this paper if not paid at maturity. .

"(s) Elgie Overstreet
Monterey Overstreet"

On August 6, 1946, appellees, husband and wife, had purchased a lot and store building in Paducah from Millard Terry. They "lacked $1000.00 having enough to pay for it." Mrs. Overstreet wrote Terry "a check and postdated it two months ahead. * * * The check was dated October 6." When asked if any other instrument of writing was executed by her and her husband at the same time, she explained: "After the check was made he said it was not good like that, dated ahead, * * * he wanted some other instrument * * * I made the note out * * *." The note, dated August 6, was payable in 60 days. She wrote in face of the note, in a clear hand, the words "Check on Elgie Overstreet for the sum of $1000.00 to be surrendered 60 days from date." Before the check and the note were delivered to Mr. Terry, Mrs. Overstreet stapled them together and told him that when he turned it in it would be paid in full. She wrote on the check: "Payment in full Bldg. & Fixtures 728 So. 3rd."

On August 12, 1946, the payee of the note and the check borrowed $2000.00 from the appellant, Peoples Savings Bank, of Murray, Kentucky, putting up the note and check as collateral. Mr. T. H. Stokes, President of that bank, says that Terry "had a check for $1000.00 and had this note of $1000.00, * * *. He signed a note for $2000.00 and put these up as collateral against the note. The check came due; we sent it to the Bank it was drawn on and they paid it. The note fell due and we sent it down there and it was not paid, so we just sued Mr. Overstreet." The note and check are endorsed "Millard Tarry." Mr. Stokes does not remember whether the check and note, which were presented to him at the same time, were stapled together—"They might have been." He tried to notify "this fellow Tarry four

or five times but never heard from him." He understands that "he might be in Detroit." Stokes says Tarry still owes his bank $1000.00. The Peoples Savings Bank of Murray endorsed the check October 28, 1946, and sent it to the Paducah bank for collection. As Mr. Stokes remembers, the check was not paid the first time, but was paid by the bank on which it was drawn the second time it was sent. The check is stamped "Paid—11/29/46." The check and note which were introduced in evidence and exhibited to the jury showed the holes made by the stapling machine to correspond. This action on the note was filed September 23, 1947.

Appellees, in their answer, plead that the note sued on is, on account of the notations on the face of it and the form thereof, not a negotiable instrument; that appellant acquired the note subject to all the defenses available to appellees against the original payee; that the note was paid in full by the check; that when they paid the check, they had no knowledge that the note had been assigned to appellant; that payment of the check was payment in full of the note, as agreed with Tarry (Terry); that appellant did not acquire the note in good faith, or without knowledge of any defects or defenses; that it did not receive, or keep, or handle the note in good faith or in the course of business; that appellant is not an assignee of the note in good faith or for value; that it did not give any notice at the proper time that it held the note; that appellant cashed the check on October 28, 1946, and retained it and did not send it through regular banking channels or present it at the bank on which it was drawn until one month and one day after the date of cashing it; that appellant, by this procedure, deprived appellees of any opportunity of protecting themselves against the fraud of the payee of the note, and that appellant, for these reasons, is estopped from asserting any claims against them on the note sued on.

Appellant, in its brief, asserts that it is: (1) "A holder in due course * * * free from any defects of title of prior parties and free from defenses available to prior parties among themselves and may enforce payment * * * for the full amount thereof against all parties liable thereon"; and (2) "That this note and check do not on their face indicate a single contract, and * * * should be construed most strongly against the makers."

At the trial the evidence, which we have briefly summarized, was somewhat conflicting. Appellees insisted upon a directed verdict, the motions for which the court overruled. However this may be, the trial court submitted the case to the jury. The jury found for the defendants, the appellees here. Their finding of fact is, we believe, conclusive.

The judgment of the circuit court is affirmed.